NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0405n.06

Case No. 22-1252

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Sep 14, 2023
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     Plaintiff-Appellee, | ) |
| | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE WESTERN DISTRICT OF |
| MARQUAN SHANEAL TORNES, | ) MICHIGAN |
|     Defendant-Appellant. | ) |
| | ) OPINION |

Before: KETHLEDGE, THAPAR, and MATHIS, Circuit Judges.

THAPAR, Circuit Judge. In 2022, a federal district court sentenced Marquan Tornes for possessing a gun as a felon. *See* 18 U.S.C. § 922(g)(1). It enhanced his sentence because Tornes had a prior "controlled substance offense": a 2014 marijuana conviction in Michigan. *See* U.S.S.G. § 2K2.1(a)(3). Tornes appeals, claiming the district court shouldn't have enhanced his sentence. We review that question de novo. *United States v. Clark*, 46 F.4th 404, 407 (6th Cir. 2022).

Tornes's enhancement turns on the reference point for defining "controlled substance" under the Sentencing Guidelines' categorical approach. Tornes argues the correct point is the time of his federal sentencing—here, 2022. If we use that time, his argument goes, the enhancement won't apply.

That argument immediately faces a problem: we rejected it just last year in *Clark*. There, we held that the proper reference point is the time of the predicate state conviction—here, 2014. *Id.* at 408; *see also United States v. Long*, No. 22-6041, 2023 WL 5242509, at *1 (6th Cir. July 28, 2023). Because that's the point the district court used, it correctly enhanced Tornes's sentence. Tornes acknowledges that *Clark* forecloses his argument and merely seeks to preserve it for en banc review. He has.

Alternatively, Tornes asks us to hold this case until the Supreme Court decides two similar cases involving a provision of the Armed Career Criminal Act ("ACCA"). *See Jackson v. United States*, 143 S. Ct. 2457, 2457 (2023) (mem.); *Brown v. United States*, 143 S. Ct. 2458, 2458 (2023) (mem.). We decline this invitation. The ACCA and the Sentencing Guidelines are different enactments with different structures and purposes. That's why "longstanding principles of statutory interpretation allow different results under the Guidelines as opposed to under the ACCA." *United States v. Jackson*, 55 F.4th 846, 856 n.7 (11th Cir. 2022), *cert. granted*, 143 S. Ct. at 2457; *United States v. Brown*, 47 F.4th 147, 154 (3d Cir. 2022) (citing *Dorsey v. United States*, 567 U.S. 260, 291 (2012) (Scalia, J., dissenting)), *cert. granted*, 143 S. Ct. at 2458. So even if we hold this case, it's far from certain to make a difference. *See Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 720–21 (6th Cir. 2016) (intervening Supreme Court case must be "directly applicable" for panel to disregard binding precedent). We don't see the benefit in waiting for the Court to address different cases involving different provisions.

We affirm.